Toni TJANDRA, Petitioner,

v.

UNITED STATES DEPARTMENT OF JUSTICE, Alberto R. Gonzales, United States Attorney General, Michael Chertoff, Assistant Secretary of DHS, Michael Garcia, Assistant Secretary of Homeland Security in Charge of the U.S.I.C.E., Edward McElroy, New York City Interim Field Office Director, ICE, Respondents.

Nos. 05–0782–ag(L); 05–5912–ag(Con).

United States Court of Appeals, Second Circuit.

July 13, 2006.

Yee Ling Poon and Robert Duk–Hwan Kim, New York, NY, for Petitioner.

PRESENT: Hon. JAMES L. OAKES, Hon. CHESTER J. STRAUB and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Toni Tjandra (A95–468–180), through counsel, petitions for review of the BIA's June 2004 decision affirming Immigration Judge ("IJ") John Opaciuch's denial of his application for asylum and withholding of removal and its January 2005 denial of

Tjandra's subsequent motion to reopen. We assume the parties' familiarity with the underlying facts and procedural history.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision as the agency decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). We review questions of law *de novo,* including "what evidence will suffice to carry any asylum applicant's burden of proof." *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005). We review factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Here, Tjandra testified that he was regularly beaten by ethnic Indonesians who assaulted him in the street several times a month from the time that he was a child until he came to the United States in August 2001. In his asylum application, Tjandra stated that native Indonesians would call him "Dirty Chinese," "Stupid Chinese" and "Stinky Chinese" while they hit him and stole his money. He further stated that he did not fight back because he was always outnumbered and knew "they would beat me endlessly if I fought them back." In his testimony, Tjandra indicated that the injuries he suffered because of the beatings required him to go to the hospital for x-rays on several occasions and left him with a scar by his eyebrow. In addition, Tjandra testified that he reported the beatings to the police several times, but that, other than extorting money from him, they "did not have any response so it was useless."

Although the IJ recognized in the "Statement of the Facts" portion of his oral decision that Tandra had been "beaten for money" on several occasions, and that during some of the beatings he sustained "injuries and needed to be x-rayed," the IJ did not consider these facts in his analysis of whether Tjandra's mistreatment rose to the level of persecution. This is a fundamental flaw in the decision that requires remand. *See In re O–Z & I–Z–,* 22 I. & N. Dec. 23, 26, 1998 WL 177674 (BIA 1998) (holding that "multiple beatings, repeated and personalized threats delivered to the respondent's home, the vandalization and destruction of property, and the intimidation and humiliation of his son, inflicted on account of his Jewish nationality, constitute past persecution"); *Ivanishvili v. DOJ,* 433 F.3d 332, 342 (2d Cir. 2006) ("[V]iolent conduct generally goes beyond the mere annoyance and distress that characterize harassment.").

Accordingly, we remand to the BIA with instructions that it in turn remand to the IJ for consideration of whether Tjandra's regular muggings, beatings, destruction of property and harassment constitute persecution on account of a protected ground. If the IJ determines that Tjandra suffered past persecution, Tjandra is entitled to a rebuttable presumption that he has a well-founded fear of persecution. 8 C.F.R. § 1208.13(b)(1). In addition, because the IJ's denial of withholding of removal was based on Tjandra's purported failure to show eligibility for asylum, the IJ's withholding of removal determination must be re-assessed as well.[1]

Accordingly, Tjandra's petition for review of the June 2004 decision is GRANTED, that decision is VACATED and the

---

1. In light of our disposition of this issue, we need not reach Tjandra's additional claim that the BIA acted arbitrarily in denying his motion to reopen based on changed circumstances.

case is REMANDED for further proceedings consistent with this order. The stay of removal previously granted shall expire when the mandate issues.